**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DREW PRITCHETT,              )
                                 )     Civil Action No. 2: 16-cv-1751
         Petitioner,        )
                                   )     Chief United States Magistrate Judge
v.                                 )     Cynthia Reed Eddy
                                   )
SUPERINTENDENT, SCI Laurel    )
Highlands;  DISTRICT ATTORNEY OF   )
ALLEGHENY COUNTY; and THE     )
ATTORNEY GENERAL OF THE STATE  )
OF PENNSYLVANIA,             )
                                   )
         Respondents.      )
                                   )

### MEMORANDUM OPINION[1]

Before the Court is the counseled Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") filed on behalf of Petitioner, Drew Pritchett ("Petitioner" or "Pritchett") (ECF No. 18). Respondents have filed an Answer (ECF No. 27), to which Petitioner has filed a Reply. (ECF No. 34). For the reasons that follow, the Amended Petition will be denied and a certificate of appealability also will be denied.

### Relevant and Procedural Background

This case arises from two shooting incidents which occurred on the evening of September 13, 2007: (1) the fatal shooting of Terrence Monroe and (2) the non-fatal shooting of Maurice Johnson. At CC200716115, Pritchett was charged with criminal homicide, criminal conspiracy, and possession of a prohibited offense weapon, as to the fatal shooting of Terrence Monroe. At CC20081813, Pritchett was charged with criminal attempt to commit criminal homicide,

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of a final judgment. (ECF Nos. 22 and 36).

criminal conspiracy, aggravated assault, and recklessly endangering another person ("REAP"), as to the non-fatal shooting of Maurice Johnson. Pritchett and his co-defendant, Dorian Peterson, were jointly tried before a jury in front of Judge David R. Cashman, in the Court of Common Pleas of Allegheny County. Pritchett was convicted of first-degree murder, criminal conspiracy, and possession of prohibited offensive weapon at CC No. 200716115. He was convicted of criminal conspiracy, aggravated assault and REAP at CC No. 200801813.

On March 1, 2010, Pritchett was sentenced to life imprisonment on the first-degree murder count at CC No. 200716115 and received a consecutive sentence of 10 to 20 years on the count of criminal conspiracy at CC No. 200801813. On direct appeal, the Superior Court affirmed in part and reversed in part, vacating the conviction for first-degree murder and remanding for resentencing at the other counts at CC No. 200716115.

On July 19, 2012, Pritchett was resentenced to a term of imprisonment of 20 to 40 years on the criminal conspiracy count, with a consecutive sentence of 2-1/2 to 5 years of confinement on the prohibited offensive weapon count, resulting in an aggregate sentence of 32-1/2 to 65 years. No direct appeal was filed from the judgment of sentence imposed on July 19, 2012.

Pritchett filed a counseled PCRA petition on November 7, 2012, and a counseled amended petition on November 19, 2012. Evidentiary hearings were held before Judge Cashman on June 24, 2013 and July 13, 2013. On March 11, 2014, the court denied the petition. On November 17, 2015, the Superior Court of Pennsylvania affirmed the order denying the PCRA Petition, ECF No. 7-1 at 48-64, and on January 27, 2016, the appellate court denied reconsideration. On June 8, 2016, the Pennsylvania Supreme Court denied the petition for allowance of appeal. (ECF No. 7-1 at 65).

Having been denied relief in state court, Pritchett filed in this Court a counseled habeas corpus petition pursuant to 28 U.S.C. § 2254 on November 22, 2016. (ECF No. 1). Respondents filed a motion to dismiss on February 21, 2017. (ECF No. 7). In light of the issues raised in the motion, the Court ordered Pritchett to file an amended petition and memorandum of law. (ECF No. 8). On June 19, 2017, an Amended Petition and Brief in Support of Amended Habeas Corpus Petition were filed. (ECF Nos. 18 and 19). The Amended Petition remains Pritchett's operative pleading. Respondents filed an Answer to the Petition (ECF No. 27), to which Pritchett filed a Reply. (ECF No. 34). The matter is fully briefed and ripe for disposition.

### Factual Background

The Superior Court in affirming the Order denying the PCRA petition summarized the facts underlying Pritchett's convictions as follows:

> On September 13, 2007, Carl Richardson and his cousin, Jamal Younger, took a jitney to Mandy's Pizza and Restaurant in the Northside Section of the City of Pittsburgh. After they finished their meal, they attempted to get another jitney to go home, but were unsuccessful. Richardson then called Pritchett, who he knew had a vehicle, and asked for a ride.

> [Appellant] arrived a short while later with another individual, Dorian Peterson, who was riding in the passenger seat. Richardson and Younger got into the back seat. However, rather then take Richardson and Younger home, [Appellant] decided to drive to the Northside Section of Pittsburg, which was controlled by a rival gang, the Crips.[1] [Appellant] stated that he wanted to do some "G-Shit," which Younger understood to mean shooting.

> [1] [Appellant] and Peterson were both members of the Manchester OGs (Original Gangsters).

> While driving down North Charles Street, Peterson spotted the first victim, Maurice Johnson, standing on the side of the road. Peterson pointed a sawed-off .22 caliber rifle out of the front passenger window and fired two shots, striking Johnson once in the chest. Johnson was able to leave the scene and get to a hospital, which successfully treated his gunshot wound. [Appellant] then turned onto Morrison Street where Peterson spotted the second victim, Terrence Monroe. Again, Peterson took aim with the sawed-off rifle and shot Monroe twice, killing

3

him. [Appellant] headed back into the Manchester Section of Pittsburgh and turned onto Columbus Street.

Shortly after the two shootings, a police radio report was broadcast to nearby officers informing them of the incident and providing a description of the vehicle involved. Pittsburgh Police Officer Holly Murphy, who was patrolling along Columbus Street, received the report and noticed that [Appellant's] vehicle fit the description. Officer Murphy initiated a traffic stop of [Appellant's] vehicle and ordered the occupants to the ground. [Appellant], Richardson and Young complied; however, Peterson fled on foot to a nearby home. Police took [Appellant], Younger and Richardson into custody to interview. After interviewing Richardson and Younger, police determined that [Appellant] was the driver and that Peterson was the shooter. Police subsequently arrested Peterson.

Superior Court Memorandum, 11/17/2015 (quoting *Commonwealth v. Pritchett*, No. 396 WDA

2020, unpublished memorandum at 1-3 (citations to the record omitted). (ECF No. 7-1 at 48-49).

### The Standard for Habeas Relief under 28 U.S.C. § 2254

The parties agree this case is governed by the federal habeas statute applicable to state

prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of

1996, Pub.L.No. 104-132, 110 Stat. 1214, enacted on April 24, 1996 ("AEDPA"), "which

imposes significant procedural and substantive limitations on the scope" of the Court's review.[2]

*Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017), *cert. denied*, No. 17-

7437, -- U.S.---, 138 S.Ct. 1170 (Feb. 26, 2018). As such, this Court may not grant a writ of

habeas corpus with respect to a claim that was adjudicated on the merits in state court

proceedings unless the state courts' adjudication "resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable

---

[2]     The first consideration in reviewing a federal habeas petition is whether the petition was timely filed under AEDPA's one-year limitations period. 28 U.S.C. § 2244(d). Respondents do not dispute that Pritchett's petition was timely filed.

determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1) and (2). Also, under the AEDPA standard, the "[s]tate court[s'] relevant factual determinations are presumed to be correct unless the petitioner rebuts [that] presumption by clear and convincing evidence." *Han Tak Lee v. Glunt*, 667 F.3d 397, 403 (3d Cir. 2012) (citing 28 U.S.C. § 2254(e)(1)). AEDPA imposes a "highly deferential" standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt. *Blystone v. Horn*, 664 F.3d 397, 417 (3d Cir. 2011).

## 1. Exhaustion of State Remedies

Among AEDPA's procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)). "The exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002).

Although mandatory, the exhaustion requirement "turns on an inquiry into what procedures are 'available' under state law." *O'Sullivan*, 526 U.S. at 847. Under Pennsylvania law, a federal claim becomes exhausted once it is presented to the Pennsylvania Superior Court, either as a direct appeal from a state criminal conviction or as an appeal from a PCRA Court's denial of post conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004)

finding that review from the Pennsylvania Supreme Court is unavailable, and therefore not required, for purposes of exhausting state court remedies).[3]

2. <u>Procedural Default and the *Martinez* Exception to the Procedural Default Doctrine</u>

The doctrine of procedural default serves as a corollary to the exhaustion requirement and provides a basis for a federal court to refuse to review a habeas claim. "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' " *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)). "However, claims deemed exhausted because of a state procedural bar are procedurally defaulted. . . ." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Thus, claims are procedurally defaulted where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. . . ." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Federal courts may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate "cause" to excuse the default and "actual prejudice resulting from the

---

[3]     Traditionally, under Pennsylvania law, exhaustion meant that a claim must be presented to the trial court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court. *See Evans v. Court of Common Pleas, Delaware County, PA*, 959 F.2d 1227, 1230 (3d Cir. 1992). However on May 9, 2000, the Pennsylvania Supreme Court issued Judicial Administration Order 218, which provides, in relevant part, that "in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief. . . . " *In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases,* No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) (per curiam).

alleged constitutional violation." *Preston v. Superintendent Graterford SCI,* 902 F.3d 365, 375

(3d Cir. 2018) (quoting *Davila v. Davis,* -- U.S. ---, 137 S.Ct. 2058, 2065 (2017) (quoting

*Wainwright v. Skyes*, 433 U.S. 72 (1977)).[4]   To demonstrate "cause," a petitioner must "show

that some objective factor external to the defense impeded counsel's efforts to comply with the

State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  A petitioner satisfies the

"prejudice" requirement by establishing that the trial was "unreliable or . . . fundamentally

unfair" because of a violation of federal law.  *Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993).

The burden lies with a petitioner to demonstrate circumstances that would serve to excuse a

procedural default.  *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*,

501 U.S. at 750.

In *Martinez v. Ryan*, 506 U.S. 1 (2012), the Supreme Court held that, under some

circumstances, ineffective assistance of counsel can provide cause to excuse procedural default:

> Where, under state law, claims of ineffective assistance of trial counsel must be
> raised in an initial-review collateral proceeding, a procedural default will not bar a
> federal habeas court from hearing a substantial claim of ineffective assistance at
> trial if, in the initial-review collateral proceeding, there was no counsel or counsel
> in that proceeding was ineffective.

*Martinez*, 566 U.S. at 18; *see also Cox v. Horn,* 757 F.3d 113, 119 (3d Cir. 2014).  To emphasize

the limited application of the *Martinez* exception, the Supreme Court has specifically directed

that this exception does not apply to claims of ineffective assistance of appellate counsel.

---

[4]    A petitioner, alternatively, can overcome a procedural default by demonstrating that the
court's failure to review the defaulted claim will result in a "miscarriage of justice." *See
Coleman v. Thompson*, 501 U.S. 722, 748 (1991); *McCandless v. Vaughn*, 172 F.3d 225, 260
(3d Cir. 1999).  "However, this exception is limited to a 'severely confined category [] [of] cases
in which new evidence shows 'it is more likely than not that no reasonable juror would have
convicted [the petitioner]'." *Preston*, 2018 WL 4212055, at *7 (quoting *McQuiggin v. Perkins*,
569 U.S. 383, 395 (2013) (internal alteration in original) (quoting *Schlup v. Delo*, 514 U.S. 298,
329 (1995)).

*Davila v. Davis*, -- U.S. ---, 137 S.Ct. 2058, 2066 (2017); *see also Richardson v. Superintendent Coal Twp. SCI*, 905 F.3d 750, 761 (3d Cir. 2018) ("[P]risoners who want to challenge the ineffectiveness of their appellant counsel on federal habeas cannot turn to *Martinez*.").

Accordingly, where state law requires a prisoner to raise ineffective assistance of counsel claims in a collateral proceeding, procedural default will be excused under the *Martinez* exception only when the following conditions are met:  (1) "the default was caused by ineffective assistance of counsel or the absence of counsel";[5] (2) the default occurred "in the initial-review collateral proceeding (i.e., the first collateral proceeding in which the claim could be heard)"; and (3) "the underlying claim of trial counsel ineffectiveness is 'substantial,' meaning 'the claim has some merit,' analogous to the substantiality requirement for a certificate of appealability."[6] *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014) (quoting *Martinez*, 566 U.S. at 13-1); *accord Richardson v. Superintendent Coal Twp. SCI*,  905 F.3d 750, 760 (3d Cir. 2018).

### Discussion

The constitutional claims at the heart of Pritchett's habeas petition are that his trial counsel provided ineffective assistance of counsel during the pretrial and trial phases of his criminal proceedings.  Pritchett must show that his counsel was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* has two components.  Under the first prong, often referred to as the "performance" prong, a petitioner must show that counsel's performance fell below an below an objective standard of reasonableness."  *Id*. at 688.  Under

---

[5]    This condition goes to the "cause" inquiry for excusing procedural default.  To show cause under the *Martinez* exception, the petitioner must demonstrate that collateral review counsel was not appointed or was ineffective under the standard set forth in *Strickland*, 466 U.S. at 695.

[6]    This condition goes to the "actual prejudice" inquiry for excusing procedural default.

the second prong, often referred to as the "prejudice" prong, a petitioner must demonstrate prejudice as a result of counsel's deficient performance. *Id*. at 692. Although a petitioner must satisfy both prongs to succeed on his ineffectiveness claim, the Supreme Court noted that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id*. at 697. *See also Mathias v. Superintendent Frackville SCI,* 876 F.2d 462, 477 (3d Cir. 2017).

Each of the claims raised in the Pritchett's habeas petition were denied on the merits by the Superior Court on PCRA review. As such, as explained *supra*, the Court will not be reviewing the claims *de novo* and Pritchett must demonstrate more than a violation of his Sixth Amendment rights. He also must overcome the AEDPA deferential standard, as well as the presumption of correctness this Court must afford the state court findings under § 2254(e).

Before addressing any of the claims before it, the Superior Court set out the standard for reviewing claims of ineffectiveness of counsel:

> [Appellant] will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the *Strickland* [*v. Washington*, 104 S.Ct. 2052 (1984)] performance and prejudice test into a three-part inquiry. *See [Commonwealth v.] Pierce*, [527 A.2d 973 Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and 3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

Superior Court Opinion, 11/15/2015 (quoting *Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2012)).

Claim One - IATC – Right to Public Trial

In his first claim, Pritchett argues that he was denied his Sixth Amendment right to a public trial when trial counsel advised his family that they were not permitted in the courtroom during voir dire and when trial counsel did not object to the public being excluded from jury selection. Pritchett raised this same claim to the state court in his collateral proceedings. The PCRA court denied Pritchett's claim on the merits and the Superior Court of Pennsylvania affirmed finding that the claim lacked arguable merit. *Commonwealth v. Pritchett*, No. 436 WDA 2014, slip op. (Pa. Super. Ct. Nov. 27, 2015), *pet. for allowance of appeal denied*, No. 76 WAL 2016, slip op. (Pa. Sup. Ct. June 8, 2016).[7]

After an evidentiary hearing at which both Pritchett and trial counsel testified, the PCRA court found that Pritchett's claim was without merit stating that,

> While trial counsel may have given Pritchett's family bad advice, it is clear that the Trial Court did not exclude the public from the Courtroom during jury selection in this matter. Pritchett cannot show prejudice from the fact that his counsel may have misled his family regarding their ability to be present during jury selection. *See, Commonwealth v. Rega*, 70 A.3d 77, 786-787 (Pa. Super. 2013).

PCRA 1925(a) Opinion at 7-8, 3/23/15 (ECF No. 7-1 at 41-42). The Pennsylvania Superior Court affirmed, embracing the PCRA trial court's reasoning, as follows:

---

[7]     The PCRA court's Rule 1925(a) opinion is filed at ECF No. 7-1 at 35-47; the Superior Court's memorandum is filed at ECF No. 7-1 at 48-64, and the Pennsylvania Supreme Court's order denying the Petition for Allowance of Appeal is filed at ECF No. 7-1 at 65.

> [I]t is apparent from the record that the trial court did not exclude the public from the jury voir dire proceeding. Moreover, Attorney McCune did not have the authority, nor did he attempt, to exclude the public . . . While Attorney McCune conceded at the PCRA hearing that he informed Appellant's parents that they could not be in the courtroom during the jury selection proceeding, that incorrect information did not constitute the exclusion of the public from Appellant's trial. Therefore, Appellant's contention that his right to a public trial was violated due to Attorney McCune's conduct lacks arguable merit.

Superior Court Memorandum at 12, 11/17/2015 (emphasis in original) (ECF No. 7-1 at 59). The Superior Court also concluded that Pritchett had failed to demonstrate prejudice:

> In any event, we note that even if Appellant's underlying claim had arguable merit, we would conclude that he has not demonstrated that he was prejudiced by Attorney McCune's conduct. Appellant argues in his brief to this Court that "no showing of prejudice is required where a violation of an accused's right to a public trial is asserted[,]" as such a violation constitutes a "structural error" that carries a presumption of prejudice. Appellant's Brief at 25. Appellant's 'presumption of prejudice' argument is correct in the context of a direct appeal. . . . However, where as here, a public-trial violation is asserted in the context of an ineffective assistance of counsel claim, the petitioner must prove that prejudice resulted from counsel's conduct. . . . Here, Appellant offers no discussion of how he was prejudiced by Attorney McCune's improperly informing his parents that they could not attend the jury selection proceeding. . . . Accordingly, even if Appellant's underlying claim had arguable merit, we would conclude that he has failed to demonstrate that he was prejudiced by Attorney McCune's conduct.

Id. at 12 n. 1 (emphasis in original) (internal citations omitted) (ECF No. 7-1 at 59-60).

Pritchett argues that the state court decisions are contrary to "clearly established" Federal law "because trial counsel's deficient performance resulted in a structural error, which gives rise to a presumption of prejudice." Pet's Br. at 10 (ECF No. 19). In support of this argument, Petitioner relies on various appellate court decisions. However, it is firmly established in habeas jurisprudence, that AEDPA's "contrary to . . . clearly established Federal law" language refers to the holdings of United States Supreme Court's decisions at the time of the relevant state-court

decision. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *Greene v. Pulakovich*, 606 F.3d 85, 95 (3d Cir. 2016).

Pritchett has failed to meet his burden to overcome AEDPA's deferential review.[8] Pritchett has not demonstrated that the Superior Court's decision was contrary to, or involved an unreasonable application of, established Federal law, as determined by the Supreme Court of the United States, or is there anything in the record to suggest the Superior Court's decision was based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, the petition will be denied on the merits with respect to Pritchett's first claim.

---

[8] Although not pertinent to the Court's decision in this case because the Superior Court's memorandum was issued in 2015, the Court notes that the United States Court of Appeals for the Third Circuit has recently held:

> When a defendant on collateral review raises an ineffective assistance of counsel claim involving counsel's failure to raise a structural error, the defendant will typically bear the burden to show both deficient performance of counsel and prejudice under the familiar *Strickland* framework. The Supreme Court recently addressed a similar situation in *Weaver v. Massachusetts*, —— U.S. ——, 137 S.Ct. 1899, 1911, 198 L.Ed.2d 420 (2017) (plurality).

> There, a plurality of the Court held that, "when a defendant raises a public trial-violation via an ineffective-assistance-of-counsel claim, *Strickland* prejudice is not shown automatically." *Id*. at 1911. The plurality suggested that only structural errors that "always result[ ] in fundamental unfairness[,]" such as when an indigent defendant is denied an attorney, will result in the presumption of prejudice in a *Strickland* analysis. *Id*. at 1908, 1911. Otherwise, the plurality continued, the defendant must bear the burden "to show either a reasonable probability of a different outcome in his or her case or . . . to show that the particular [error in his or her case] was so serious as to render his or her trial fundamentally unfair." *Id*. at 1911.

*United States v. Thomas*, 750 F. App'x 120, 128 (3d Cir. 2018), *cert. denied*, -- U.S. --, 139 S. Ct. 1218 (2019).

<u>Claim Two:  IATC – Corrupt Source Jury Instruction</u>

In his second claim, Pritchett argues that he was denied his Sixth Amendment right to effective assistance of counsel when trial counsel failed to object to the court's charge which excluded a "corrupt source" jury instruction regarding witnesses Carl Richardson and Jamal Younger.

Pritchett raised this same claim to the state court in his collateral proceedings.  The PCRA court denied Pritchett's claim on the merits finding that Pritchett had failed to demonstrate prejudice and the Superior Court of Pennsylvania affirmed finding that the claim lacked arguable merit.  In rejecting this claim, the Superior Court concluded as follows:

> Here, Appellant contends that a corrupt source charge was warranted because Younger and Richardson were accomplices in the shootings.  Appellant's co-defendant, Peterson, asserted this same argument on direct appeal, and this Court rejected it.  *See Commonwealth v. Peterson*, No. 368 WDA 2010, unpublished memorandum at 5 (Pa. Super. filed March 16, 2010).  In doing so, we relied on the rationale expressed in the trial court's Rule 1925(a) opinion.  *See id.*  The trial court opinion in Peterson's case was identical to the trial court opinion issued in Appellant's case.

> In that decision, the trial court concluded that Peterson's and Appellant's claim that Younger and Richardson were accomplices was a "bald assertion" that was not supported by the evidence presented at trial.  *See Trial Court Opinion*, 9/6/11, at 20-22.  The trial court instead found that "[t]he only evidence in the record that touche[d] upon Richardson['s] and Younger's involvements in the shootings was the fact that they were present at the scene of these shootings.  *Id.* at 21.  Therefore, the court concluded that "Peterson and Pritchett were not entitled to the corrupt and polluted source instruction since the record fail[ed] to demonstrate how either Richardson['s] or Younger's presence at these shootings could ever implicate them as an accomplice or co-conspirator."  *Id.* at 22.  In Peterson's appeal, this Court agreed with the trial court's conclusion, and affirmed the court's decision not to provide the requested 'corrupt source' jury instruction.  Peterson, No. 368 WDA 2010, unpublished memorandum at 5.

> This Court's decision in Peterson's direct appeal convinces us that Appellant's underlying claim that a corrupt source jury charge was warranted lacks arguable merit.  This is especially true where Appellant offers no discussion of how or why this Court would have concluded that Younger and Richardson

were <u>Appellant's</u> accomplices, yet not Peterson's.  Consequently, Appellant's . . . claim that Attorney McCune acted ineffectively is meritless.

Superior Court Memorandum, 11/17/2015 (emphasis in original).

This Court finds that the decision of the Superior Court easily withstands review under AEDPA.  Pritchett has not demonstrated that the Superior Court's decision was contrary to, or involved an unreasonable application of, *Strickland* or is there anything in the record to suggest the Superior Court's decision was based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Accordingly, the petition will be denied on the merits with respect to Pritchett's second claim.[9]

## Claim Three:  IATC –Violation of Confrontation Clause

Pritchett's third claim is that counsel was ineffective for failing to object to the Commonwealth's introduction of the Preliminary Hearing Transcript testimony of Karl Richardson at trial, denying Pritchett of his Sixth Amendment right to confrontation.   It is not disputed that Richardson was not available to testify at trial.

Pritchett raised this same claim to the state court in his collateral proceedings and it was denied on the merits by both the PCRA court and the Superior Court.  The Superior Court rejected the claim on the "actual prejudice" prong of the ineffectiveness of counsel standard:

> Richardson was not the only witness who testified that Appellant was present during the shootings; Jamal Younger also testified that Appellant was driving the vehicle when the shootings occurred. N.T. Trial 10/17/09-10/29/09, at 289.  Additionally, the jury heard evidence, that, on the night of the shootings, Younger told police that Appellant said he "was on G shit[,]" *id.* at 295, which

---

[9]     In support of his claim, Pritchett relies upon *Commonwealth v. Bricker*, 581 A.2d 147 (Pa. 1990); *Commonwealth v. Upshur*, 410 A.2d 810 (Pa. 1980); and *Commonwealth v. Thomas*, 387 A.2d 820 (Pa. 1978).  Pritchett's reliance upon these cases is misplaced, however, as each was decided by the Supreme Court of Pennsylvania on direct review.

Younger understood as meaning that Appellant was "doing some gangster shit which is shooting at Crips . . . ." *Id*. at 301. Younger also told police that Appellant drove toward an area of the city called "the cave," *id*. at 295, and stated "[t]here is no other reason to go to the cave other than to shoot someone." *Id*. at 296. Younger explained that once in the "the cave," Appellant "drove past a group of people on Morrison" and then "made a U-turn" to drive past the group again while "[t]he front passenger pulled out and fired two shots into the group . . ." *Id*. at 295.

Based on Younger's testimony alone, the jury could have concluded that Appellant was not only present during the shootings, but that he participated in those offenses by driving the vehicle from which Peterson fired at the victims. Appellant fails to explain how the absence of Richardson's preliminary hearing testimony would have cast doubt on Younger's trial testimony. Therefore, Appellant's scant argument regarding the prejudice prong of the IAC test has failed to convince us that the jury's verdict would have been different had Richardson's preliminary hearing testimony been objected to by Attorney McCune, and not admitted into evidence.

Superior Court Memorandum at 10-11, 11/17/2017 (emphasis added) (ECF No. 7-1 at 57-58).

Pritchett asserts that the state court adjudication was contrary to Federal law as the Superior Court "overlooked" Jamal Younger's trial testimony that Richardson, not Pritchett, was driving the car at the time of the shootings. Pritchett appears to argue that because the Superior Court only cited to Younger's preliminary hearing testimony, which Younger recanted during his trial testimony, the appellate court must have "overlooked" Younger's trial testimony. Pritchett also lists other evidence that supports Younger's trial testimony, including forensic evidence that Richardson's DNA was on the steering wheel of the car and Pritchett's DNA on the rear passenger door handles, (T.T., Vol. II, 164-68), and the position of the driver's seat was consistent with Richardson's short stature. (T.T., Vol. I, 275-276, 303, Vol. II, 184, 191) .

During closing argument, Pritchett's counsel argued that the evidence at trial "proved that Karl Richardson was probably the driver[.]" Counsel further argued that Richardson and Younger initially lied to detectives to "dig [themselves] out of a murder prosecution, . . . and

picked an innocent guy to use his car and to frame him that night[.]" (T.T., Vol. II, 230, 239). The defense maintained that Younger and Richardson were unworthy of belief. (T.T., Vol. II, 242). *See* Pet's Br. at 2 (ECF No. 19).

It is a well established principle that the jury is afforded the opportunity to believe all, part, or none of the evidence. It is not this Court's role to determine the credibility of witnesses, *see Schlup v. Delo*, 513 U.S. 298, 330 (1995); that task is left to the trier of fact. The Superior Court's recitation of Younger's prior testimony at the preliminary hearing shows there was ample evidence, if believed, to warrant a guilty verdict. The Superior Court found that Pritchett had failed to convince it that the jury's verdict would have been different had Richardson's preliminary hearing testimony been objected to by Attorney McCune and not admitted into evidence.

The habeas petitioner must show that the state court decision was objectively unreasonable and not merely incorrect. *Williams v. Taylor*, 529 U.S. 362, 410–411 (2000); *Blystone*, 664 F.3d at 417. "[S]o long as 'fairminded jurists could disagree' on the correctness of the state court's decision," the state court's application of federal law cannot be considered unreasonable. *Harrington v. Richter*, 526 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id*. at 102-03 (citations omitted).   A state court decision rests on an unreasonable determination of the facts only if the state court's findings of fact are objectively unreasonable in light of the evidence presented in state court at the time of the state court's adjudication. *Blystone,* 664 F.3d at 418; *see also Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). In general, the state court's findings of fact are presumed to be correct, but the petitioner may rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).   Pritchett has not met his burden to overcome the AEDPA deferential standard. He has not shown that the state court decision rests on an unreasonable determination of facts.

For all these reasons, the Court finds that the decision of the Superior Court withstands review under AEDPA.   Pritchett has not demonstrated that the Superior Court's decision was contrary to, or involved an unreasonable application of, *Strickland* or is there anything in the record to suggest the Superior Court's decision rests on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.   Accordingly, the petition will be denied on the merits with respect to Pritchett's third claim.

Claim Four – IAC – Failure to Call Pritchett to Testify

Pritchett's fourth claim is a layered ineffectiveness of counsel claim.  He asserts that he is entitled to relief under *Martinez v. Ryan* because PCRA counsel was ineffective for failing to introduce his proffered trial testimony at the PCRA hearing to show trial counsel's ineffectiveness for failing to call Pritchett to testify at trial.

To the extent Pritchett is attempting to bring a freestanding claim of ineffective assistance of PCRA counsel, such a claim is not cognizable in federal habeas proceedings. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section

2254."); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555–56 (1987) (no constitutional right to counsel in collateral post-conviction proceedings); *Coleman v. Thompson*, 501 U.S. 722, 755 (1991) (no constitutional right to counsel on appeal from initial collateral post-conviction proceedings). Accordingly, the petition will be denied with respect to Pritchett's ineffective assistance of PCRA counsel claim on the ground that this claim is not cognizable on federal habeas review.

As to the underlying claim, that trial counsel was ineffective for failing to call Pritchett to testify at trial, Pritchett raised this same claim to the state court in his collateral proceedings. The PCRA court denied the claim on the merits finding it had no merit and the Superior Court of Pennsylvania affirmed incorporating the PCRA trial court's findings in its memorandum.

The PCRA court, citing the trial transcript, denied Pritchett's claim finding that the record reflects that Pritchett "was fully advised of his rights concerning his ability to testify, thoroughly discussed the matter with his lawyer, and decided not to testify, despite counsel's belief that he wanted Pritchett to testify." PCRA 1925(a) Opinion at 10 (ECF No. 77-1 at 44). The Superior Court. quoting from the PCRA order, noted that trial counsel testified at the PCRA hearing,

> that he and [Appellant] spoke extensively about the question as to whether or not [Appellant] should testify. [Attorney] McCune noted [Appellant's] concerns about testifying based on concerns for his family's safety, specifically his sister. [Counsel] testified that he really wanted [Appellant] to testify, despite [Appellant's] fears. [Attorney] McCune testified that [Appellant's] decision was made at the Allegheny County Jail during a "solemn moment[.]"

Superior Court memorandum, 11/17/2015 at 15 (quoting PCRA Court opinion at 9-10) (ECF No. 7-1 at 62). The Superior Court affirmed, finding that "[a]fter reviewing portions of the trial record cited by the court, as well as the PCRA hearing transcripts, we ascertain no legal error in the PCRA court's decision." *Id*. at 17 (ECF No. 7-1 at 64).

This Court finds that the decision of the Superior Court easily withstands review under AEDPA. Pritchett has not demonstrated that the Superior Court's decision was contrary to, or involved an unreasonable application of, *Strickland* or is there anything in the record to suggest the Superior Court's decision was based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Accordingly, the petition will be denied on the merits with respect to Pritchett's fourth claim.[10]

### Claim Five: IATC – Failure to Object to Court's Charge

In his fifth and final claim, Pritchett argues that he was denied his Sixth Amendment right to effective assistance of counsel where trial counsel failed to object to an erroneous jury instruction on the aggravated assault charge.[11] The claim was raised in Pritchett's counseled

---

[10] Pritchett has requested that the record be expanded with new affidavits and certifications. (ECF No. 19, Exh. A – D). This request is denied. Because the claim was "adjudicated on the merits in State court proceedings," it is being reviewed under 28 U.S.C. § 2254(d)(2), which limits review to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

[11] Pritchett was charged with aggravated assault, 18 Pa.C.S.A. § 2702(a)(1), which provides:

(a) Offense defined. – A person is guilty of aggravated assault if he:
(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

Pritchett contends the instruction was erroneous and concerned a different offense, 18 Pa. C.S.A § 2702(a)(4), which provides:

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]

The trial court gave the following jury instruction without objection from defense counsel:

The defendants have also been charged with the crime of aggravated assault. In order for you to find the defendants guilty of this charge you must be

Amended PCRA Petition and denied on the merits. PCRA appellate counsel did not raise this issue on appeal following the PCRA court's decision dismissing the claim. Pritchett argues that "appellate counsel dropped the issue without good cause." Pet's Memo at 10 (ECF No. 34-10). Pritchett concedes this claim is procedurally defaulted but argues that he has "cause" to excuse the procedural default pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).

Magistrate Judge Maureen P. Kelly recently ruled on a similar issue and found as follows:

As this Court has previously explained,

> The decision of the United States Supreme Court in *Martinez v. Ryan* created a sea change in the doctrine of procedural default, holding for the first time that a claim of ineffective assistance of post-conviction relief counsel could serve as cause to excuse the procedural default of a claim of trial counsel's ineffectiveness.

*Taylor v. Pa.*, CIV. A. 15-1532, 2018 WL 446669, at *9 (W.D. Pa. Jan. 16, 2018). However, *Martinez* only serves as cause to excuse the procedural default of a trial counsel claim of ineffectiveness based only upon the ineffectiveness of PCRA trial counsel <u>and not by any ineffectiveness engaged in by PCRA appellate counsel.</u> As Petitioner's PCRA trial counsel raised these issues in the first PCRA

---

satisfied that the following elements have been proven beyond a reasonable doubt. First, that the defendants caused bodily injury to another. Bodily injury means the impairment of any physical condition or substantial pain. Second, that the defendants acted intentionally or knowingly. And third, that the defendants caused such injury with a deadly weapon.

A person acts intentionally with respect to bodily injury if it is his conscious object or purpose to cause that injury and a person acts knowingly with respect to bodily injury when he is aware that it is practically certain that his conduct will cause such results. You are not required to find both states of mind, only required to find either one.

In order to find the defendants guilty of aggravated assault, you must be satisfied that they caused bodily injury to Maurice Johnson and they did so intentionally, knowingly, and they did so with a deadly weapon.

Trial Transcript, Vol. II, at 279.

Petition, he was not ineffective and there is no cause under *Martinez* to excuse Petitioner's procedural default. *Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015) ("*Martinez* made very clear that its exception to the general rule of *Coleman* applies only to attorney error causing procedural default during initial-review collateral proceedings, not collateral appeals. 132 S.Ct. at 1316, 1320; *see also Arnold v. Dormire,* 675 F.3d 1082, 1087 (8th Cir. 2012). Because Norris's claim of ineffective assistance of trial counsel was presented on initial collateral review and only waived on collateral appeal, we hold that *Martinez* does not justify relief ...").[6]

_____

FN 6: This rule that *Martinez* does not apply to claims of ineffective assistance of PCRA counsel acting in an appellate capacity has been uniformly applied in this Circuit. We have held in prior cases, which attempt to raise *Martinez* so as to excuse procedural default based on the PCRA appellate counsel's behavior, that such a claim does not fall within the narrow *Martinez* exception:

> Instead, we find a procedural default based on what PCRA counsel did at the appellate level, i.e., raise only the two claims on appeal addressed above and abandon the other claims. *Martinez* does not provide that ineffective assistance of PCRA counsel at the appellate level of post conviction proceedings can serve as cause to excuse a procedural default. The Supreme Court in *Martinez* expressly stated that "[t]he holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial[.]" 132 S.Ct. at 1320 (emphasis added) (citing *Coleman*, 501 U.S. at 754; *Carrier,* 477 U.S. at 488). Therefore, "*Martinez* offers no support . . . for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause." *Arnold v. Dormire*, 675 F.3d 1082 (8th Cir. 2012) (declining to extend *Martinez* to claims of ineffective assistance in appeals from initial-review collateral proceedings). *Accord Johnson v. Warden of Broad River Correctional Inst*., F. App'x ——, 2013 WL 856731, at *1 (4th Cir. 2013); *Ramos v. Collins*, NO. CIV.A. 13–433, 2013 WL 5429267, at *4 (E.D. Pa. April 23, 2013).

> *Lenhart v. Rozum*, CIV.A. 10-218J, 2014 WL 807995, at *16 (W.D. Pa. Feb. 28, 2014). *Accord Ingram v. Sauers*, 1:12-CV-1900, 2015 WL 1608501, at *14 (M.D. Pa. Apr. 10, 2015); *Shiloh v. Wilkes*, 1:14-CV-860, 2015 WL 5342704, at *10 (M.D. Pa. Sept. 14, 2015) ("Thus, to the extent Shiloh contends that PCRA counsel's ineffectiveness should excuse her procedural default pursuant to *Martinez*, she 'is provided no relief because PCRA counsel advanced this claim in h[er] initial-review proceedings before the PCRA trial court.' *Glenn v. Wynder*, No. CIV.A. 06–513, 2012 WL 4107827, at *45 (W.D. Pa. Sept. 19, 2012) *aff'd*, 743 F.3d 402 (3d Cir. 2014).").

*Deep v. Wingard*, No. CV 14-831, 2020 WL 908259, at *12 (W.D. Pa. Feb. 25, 2020) (emphasis added).

Here, Pritchett's PCRA trial counsel raised the issue of an erroneous jury instruction in the Amended PCRA Petition; therefore, he was not ineffective and there is no cause under *Martinez* to excuse Petitioner's procedural default. Notably, Pritchett's PCRA trial counsel also served as his PCRA appellate counsel. After the evidentiary hearing and the issuance of the PCRA court's 1925(a) opinion, PCRA appellate counsel did not seek to have the claim reviewed on appeal. This Court, adopting the reasoning in the *Deep* case, finds that *Martinez* provides no relief on this claim as *Martinez* does not apply to excuse procedural default based on PCRA appellate counsel's behavior.

However, even assuming *arguendo*, that *Martinez* applied, the Court finds that Pritchett has not overcome the procedural default as he has failed to demonstrate that the underlying ineffective-assistance-at-trial claim is substantial. In denying the claim on the merits, the PCRA court stated:

> Finally, Pritchett argues that counsel was ineffective for failing to object to an erroneous jury instruction on the aggravated assault charge. The Court's instruction apparently failed to include the word serious when defining the type of bodily injury necessary for aggravated assault. (Trial Transcript at 278). This error was not prejudicial nor did it determine the outcome of this case. The victim in question, Maurice Johnson, testified that he had been shot in the chest. (Trial Transcript 85-90). This testimony clearly constitutes the demonstration of serious

> bodily injury. The omission of the word serious was not outcome-determinative
> in this matter. Accordingly, this assignment of error must fail.

PCRA 1925(a) Opinion at 12-13 (ECF No. 7-1 at 46-47. *Martinez* speaks only to the complete failure to raise a "substantial" claim of trial counsel ineffectiveness. PCRA appellate counsel cannot be found to be ineffective for failing to raise a claim which had no merit.

Accordingly, the petition will be denied on the merits with respect to Pritchett's fifth claim.

### Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Applying those standards here, the Court concludes that jurists of reason would not find it debatable whether each of Pritchett's claims should be denied. Accordingly, a certificate of appealability also will be denied.

**Conclusion**

For all of the above reasons, the petition for a writ of habeas corpus will be denied and a certificate of appealability will be denied.


Dated:  April 2, 2020                        <u>s/ Cynthia Reed Eddy</u>
                                                    Cynthia Reed Eddy
                                                    Chief United States Magistrate Judge


cc:      All Counsel of Record
            (via ECF electronic notification)